UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERNESTO RIVERA,

    Plaintiff,

-vs-                                            CASE NO.:

EQUIFAX INFORMATION
SERVICES LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERNESTO RIVERA (hereinafter "Plaintiff"), sues Defendant, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

1

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Lee County, Florida; the violations described in this Complaint occurred in this District; and the Defendant transact business within this District.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida, through its registered agent, Corporation Service Company located at 201 Hays Street, Tallahassee, Florida 32301.

7. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Plaintiff had a credit account with Infiniti Motor Acceptance Corporation ("Infiniti") for an auto loan.

10. Plaintiff made his timely payment throughout the life of the loan and satisfied the loan on May 11, 2022.

11. Despite satisfying the loan, in monitoring his credit through his credit monitoring app, Equifax continued to reflect the Infiniti account ending in 0001 as open with a reported balance of $55,658. Such reporting negatively affected Plaintiff's debt-to-income ratio.

12. On February 3, 2023, Plaintiff obtained a copy of his Equifax credit report and the Infiniti account ending in 0001 continued to be reported as open with the high reported balance of $55,658.

13. In response to the inaccurate reporting, on February 15, 2023, Plaintiff mailed a written dispute letter to Equifax. In the dispute letter, Plaintiff explained that the Infiniti account ending in 0001 is closed with a zero balance and should be reflected as such. To confirm his identity, a copy of his driver's license and social security card was included. An image of his new mailing address was included to confirm his current address. Also, in this letter Plaintiff provided images from his insurer illustrating that the vehicle was totaled on April 16, 2022, the court dismissal from his auto injury case, and a letter from Infiniti stating that the auto loan is satisfied.

14. Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail 7022 2410 0000 8587 3160.

15. Despite Plaintiff providing a copy of his driver's license, social security card and an insurance letter with his address, on February 24, 2023, Equifax responded to Plaintiff's dispute by requesting further identifying documents.

16. On March 27, 2023, Plaintiff obtained a copy of his Equifax credit report and upon review the Infiniti account ending in 0001 was still listed as open, with a reported balance of $55,658.

17. Despite providing Equifax with all of the relevant information needed to prove the account was closed with a zero balance, they continued to report the account incorrectly.

18. On March 30, 2023, in response to the continued inaccurate reporting by Equifax, Plaintiff mails the Defendant another dispute letter. In the dispute letter, Plaintiff reiterated the Infiniti account is closed with a zero balance. To confirm his identity, a copy of his driver's license and social security card was included. An image of his new mailing address was included to confirm his current address. Also, in this letter Plaintiff provided images from his insurer illustrating that the vehicle was totaled on April 16, 2022, the court dismissal from his auto injury case, and a letter from Infiniti stating that the auto loan is satisfied.

19. Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail 9589 0710 5270 0224 2066 43.

20. Again, despite Plaintiff providing a copy of his driver's license, social security card and an insurance letter with his address, on April 1, 2023, Equifax responded to Plaintiff's dispute by requesting further identifying documents.

21. On April 11, 2023, Plaintiff obtained a copy of his Equifax credit report and to his relief the Infiniti account ending in 0001 was now being reflected as "PAID_AND_CLOSED" with a zero balance.

22. As a result of the actions and/or inactions of the Defendants, Plaintiff has suffered damage to his credit score.

23. Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b)
### As to Equifax

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

25. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

26. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this Complaint.

27. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

28. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT II
### Violations of 15 U.S.C. § 1681i
### Act as to Equifax

29. Plaintiff re-alleges and incorporates paragraphs 1 through 23 above as if fully set forth herein.

30. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

31. Plaintiff repeatedly provided Equifax with the information it needed to confirm that the payment status should be shown as "closed" with a zero balance, including but not limited to lien release letter and relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's disputes.

32.   As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

33.   Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

34.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific

7

performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 19th day of April 2023.

Respectfully Submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*